Case 5:10-cv-03029-AKK   Document 12   Filed 11/30/11   Page 1 of 15

FILED
2011 Nov-30 PM 05:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **PAMELA CAIN,**     )<br>     )<br>     Plaintiff,     )<br>     )<br>**vs.**     )<br>     )<br>**MICHAEL J. ASTRUE,**     )<br>**COMMISSIONER OF SOCIAL**     )<br>**SECURITY**     )<br>**ADMINISTRATION,**     )<br>     )<br>     Defendant.     ) | Civil Action Number<br>**5:10-cv-3029-AKK** |

## MEMORANDUM OPINION

Plaintiff Pamela Cain ("Plaintiff") brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). This Court finds that the Administrative Law Judge's ("ALJ") and Appeals Council's decisions - which have become the decision of the Commissioner - are not supported by substantial evidence. Therefore, for the reasons elaborated herein, the Court will **REMAND** and **REVERSE** the decision denying benefits.

# I. Procedural History

Plaintiff filed her applications for Title II disability and disability insurance benefits and Title XVI Supplemental Security Income on October 2, 2007, alleging a disability onset date of August 25, 2004, and August 31, 2006, respectively. (R. 94, 102). Plaintiff's disability report alleges she suffers from arthritis, knee pain, chronic obstructive pulmonary disorder, and congestive heart failure. (R. 142). Shortly after the denial of her applications on December 3, 2007, (R. 42), Plaintiff requested a hearing before the ALJ, (R. 54), and received one almost two years later on October 26, 2009. (R. 23-39). At the time of the hearing, Plaintiff was 49 years old with a ninth grade education. (R. 26). Her past relevant work included work as a mini bus helper and a waitress. *Id*. Plaintiff alleges that she has not engaged in substantial gainful activity since August 25, 2004. (R. 27).

The ALJ denied Plaintiff's claim on November 20, 2009. (R. 10-19). Almost a year later, on September 10, 2010, the Appeals Council reviewed and also denied the claim, (R. 1-6), which became the final decision of the Commissioner. Having timely pursued and exhausted her administrative remedies, Plaintiff filed this action for judicial review pursuant to section 1631 of the Act, 42 U.S.C. § 1383(c)(3).

## II.  Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'"  *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence."  *See id*.  (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted).  If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings.

*See Martin*, 894 F.2d at 1529.  While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance."  *Lamb*, 847 F.2d at 701.

### III.  Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairments which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(I).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).  "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do."  *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

Where, as here, Plaintiff alleges disability because of pain, she must meet additional criteria.  In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms."  *Holt v. Barnhart*, 921 F.2d 1221, 1223 (11th Cir.

1991). Specifically, Plaintiff must meet the *Hand v. Heckler*, 761 F.2d 1545, 1548 (11th Cir. 1985), standard ("*Hand* standard"), which

> requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Id*. However, medical evidence of pain itself, or of its intensity, is not required:

> While both the regulations and the *Hand* standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, neither requires objective proof of the pain itself. Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the *Hand* standard a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself. *See* 20 CFR §§ 404.1529 and 416.929; *Hale* at 1011.

*Elam v. R.R. Ret. Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991) (parenthetical information omitted) (emphasis added). Moreover, "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Holt*, 921 F.2d at 1223. Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, the ALJ must find him disabled unless the ALJ properly discredits his testimony.

Furthermore, when the ALJ fails to credit a claimant's pain testimony, the

ALJ must articulate reasons for that decision:

> It is established in this circuit that if the [ALJ] fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the [ALJ], as a matter of law, has accepted that testimony as true. Implicit in this rule is the requirement that such articulation of reasons by the [ALJ] be supported by substantial evidence.

*Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987). Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if the ALJ's reasons are not supported by substantial evidence, the court must accept as true the pain testimony of the plaintiff and render a finding of disability. *Id*.

## IV. The ALJ's and Appeals Council's Decisions

The court notes that, performing the five step analysis[1], initially, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since August 25, 2004, her alleged onset date, and therefore met Step One. (R. 15). The ALJ acknowledged that Plaintiff's combination of severe impairments of "osteoarthritis of left knee, spondylosis of lumbar spine, hypertension and obesity" met Step Two. *Id*. Because he determined Plaintiff met Step Two, the ALJ did

---

[1] The Commissioner must determine in sequence: (1) whether the claimant is currently unemployed; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals one listed by the Secretary;(4) whether the claimant is unable to perform his or her past work; and (5) whether the claimant is unable to perform any work in the national economy. *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id*. at 1030 (citing 20 C.F.R. § 416.920(a)-(f)).

not consider Plaintiff's alleged impairments of chronic obstructive pulmonary disease and congestive heart failure since there was "no evidence in the record to make a determination about those impairments." *Id*. Instead, the ALJ proceeded to the next step and found that Plaintiff did not satisfy Step Three since her impairments or combination of impairments neither met nor equaled the requirements for a listing. (R. 16). Although he answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, the ALJ proceeded to Step Four where he determined that Plaintiff had the residual functional capacity ("RFC") to

> perform less than sedentary work [ ]. [Plaintiff] can lift and carry or push and pull 10 pounds. In an 8 hour workday, [Plaintiff] can stand and walk 2 hours and sit 6 hours. She must use a cane to ambulate. She cannot climb, crouch, crawl or kneel.

(R. 16). The ALJ determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (R. 17). To support the credibility finding, the ALJ noted that "no physician has opined that [Plaintiff] is unable to work because of her impairments," and that although Plaintiff testified that she falls frequently, "there is no mention of this in the medical records." (R. 17). Without explanation, the ALJ did not assign any

weight to Dr. John Lary, Jr.'s ("Dr. Lary") consultative examination report. Moreover, the ALJ held that Plaintiff could not perform her past relevant work as a medium and semi-skilled social service aid, or as a light and unskilled waitress because her "past relevant work exceeds [Plaintiff's] [RFC]." (R. 18). Lastly, in Step Five, the ALJ considered Plaintiff's age, education, work experience, RFC, and impairments, and determined that there are a significant number of jobs in the national economy that Plaintiff can perform. *Id*. Because the ALJ answered Step Five in the negative, the ALJ determined that Plaintiff is not disabled. (R. 19); *see also McDaniel*, 800 F.2d at 1030.

The Appeals Council granted Plaintiff's request for review on July 23, 2010, and found that it

> agrees with the [ALJ's] findings under steps 1, 2, 3, 4, and 5 of the sequential evaluation; namely, that [Plaintiff] has not engaged in substantial gainful activity since August 25, 2004, that [Plaintiff] has severe impairments which do not meet or equal in severity an impairment in the Listing of Impairments, that she is not capable of performing past relevant work, and that there is a significant number of jobs [Plaintiff] is capable of performing. However, the Appeals Council finds that [Plaintiff] is more limited than found in the hearing decision.
> 
> * * * *
> 
> In the hearing decision, there is no consideration of the consultative examiner medical source statement. Specifically, the consultative examiner, Dr. Lary, opined that [Plaintiff's] ability to sit, stand, walk, lift, carry, bend, and squat are 'significantly impaired' by left knee arthritis and medial and lateral meniscus injury. He opined that [Plaintiff's] ability to reach is impaired by a restricted range of

> shoulder abduction. However, [Plaintiff's] ability to see, hear, speak, understand, and manipulate small objects is unimpaired.
>
> The hearing decision, page 7, indicates that [Plaintiff] is capable of sedentary work, but requires a cane for ambulation and cannot climb, crouch, crawl, or kneel. Based on the assessment of Dr. Lary, the Appeals Council further limits the [Plaintiff] to occasional bending and frequent bilateral reaching.
>
> Additionally, the Appeals Council gives the opinion of Dr. Lary weight to the extent that it supports this [RFC].
>
> * * * *
>
> However, [Dr. Lary provided] no explanation of why [Plaintiff] is 'significantly limited' in her ability to sit. Although [Plaintiff] alleged at the hearing that her ability to sit is limited secondary to pain, when asked to describe her problems standing, walking, and sitting in a physical activities questionnaire, she did not allege any limitation on her ability to sit. Based on the evidence taken as a whole, the Appeals Council finds that there is no support for a limitation on [Plaintiff's] ability to sit.
>
> In sum, the Appeals Council observes that despite the additional limitations placed on [Plaintiff's RFC], she is still capable of performing a significant number of jobs existing in the national economy.

(R. 5).

## V.  Analysis

The court turns now to Plaintiff's contentions that the ALJ "failed to properly evaluate the credibility of the Plaintiff's complaints of pain" because the ALJ failed to "articulate any specific reasons as why he fails to credit the Plaintiff's pain testimony," and that the ALJ's "'reasoning' for failing to credit the

Plaintiff's pain testimony are woefully inadequate and are not supported by substantial evidence as a whole." Doc. 9 at 4, 5. For the reasons stated below, the court agrees with Plaintiff that the ALJ's and Appeals Council's decisions are not supported by substantial evidence.

A.  *The ALJ Failed to Properly Apply the Pain Standard and Articulate Reasons for Refusing to Credit Plaintiff's Pain Testimony.*

In a nutshell, the ALJ rejected Plaintiff's claim because the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting [ ] are not credible." (R. 17). The ALJ discredited Plaintiff's complaints of pain because, (1) although Plaintiff "testified that she falls all the time, there is no mention of this in the medical records," and (2) "no physician has opined that [Plaintiff] is unable to work because of her impairments." (R. 17). As shown below, neither of these two reasons is supported by substantial evidence.

First, regarding the ALJ finding that there are no reports in the record about Plaintiff falling, there are, in fact, three such reports: (1) on August 16, 2004, Plaintiff visited Dr. Allen Goodson ("Dr. Goodson") complaining of left knee pain because she "slipped and fell off her camper," (R. 164), and Dr. Goodson's examination revealed that Plaintiff was "unable to tolerate a full knee exam. She has ecchymosis and swelling over the left knee. Any range of motion reproduces pain," *Id*; (2) on November 29, 2007, at the request of the SSA, Dr. Lary

performed a consultative examination on Plaintiff and noted in the history of present illness that Plaintiff "complains that she frequently falls," (R. 215-16); and (3) on February 27, 2009, Plaintiff visited the Central North Alabama Health Services, Inc., where the treatment notes state that Plaintiff "fell on [left] leg," and "fell twisting [left] ankle still having pain." (R. 245). In other words, contrary to the ALJ's finding, the medical records are, in fact, replete with Plaintiff's reports of falling. Therefore, the ALJ's opinion to the contrary is not supported by substantial evidence.

Second, the record also does not substantially support the ALJ's statement that no physician has opined that Plaintiff is unable to work. In fact, Dr. Lary's consultative assessment describes Plaintiff as someone with difficulty performing sedentary work. Specifically, Dr. Lary stated, "[i]n my opinion, [Plaintiff's] ability to sit, stand, walk, lift, carry, bend, and squat is <u>significantly</u> impaired by left knee arthritis and medical and lateral meniscus injury. Her ability to reach is impaired by restricted range of shoulder abduction." (R. 220) (emphasis added). While Dr. Lary did not state affirmatively that Plaintiff cannot work, his opinion makes clear that Plaintiff is unable to perform even sedentary work[2] because of her

---

[2] "[B]eing on one's feet is required 'occasionally' at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of any 8-hour workday, and <u>sitting should generally total approximately 6 hours of an 8-hour workday</u>." SSR 83-10: Titles II and XVI: Determining Capability to Do Other Work -- The Medical-Vocational

limited ability to sit. Further, the reverse of the ALJ's statement is true also; no physician has opined that Plaintiff can work.

In short, the ALJ failed to properly discredit Plaintiff's pain testimony and the ALJ's opinion that Plaintiff's complaints of pain "are not credible to the extent they are inconsistent with the above residual functional capacity assessment" is not substantially supported by the medical evidence. On this basis alone, reversal is warranted. *Hale v. Bowen*, 831 F.2d at 1012; *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986).

B.    <u>The Appeals Council Failed to Properly Apply the Pain Standard and Articulate Reasons for Refusing to Credit Plaintiff's Pain Testimony</u>.

The court turns next to the Appeals Council's statement regarding Plaintiff's credibility, which states, in part,

> [Dr. Lary provided] no explanation of why [Plaintiff] is 'significantly limited' in her ability to sit. Although [Plaintiff] alleged at the hearing that her ability to sit is limited secondary to pain, when asked to describe her problems standing, walking, and sitting in a physical activities questionnaire, she did not allege any limitations on her ability to sit. Based on the evidence taken as a whole, the Appeals Council finds that there is no support for a limitation on [Plaintiff's] ability to sit.

(R. 5). Like the ALJ, the Appeal Council's opinion is also not supported by

---

Rules of Appendix 2 at 4, http://www.ssa.gov/OP_Home/rulings/di/02/SSR83-10-di-02.html (emphasis added).

substantial record evidence. First, while Plaintiff left blank the section to describe problems sitting on the Physical Activities Questionnaire, (R. 124), she did, in fact, complain about problems with sitting. Specifically, in her updated Disability Report, in response to the question, "How do your illnesses, injuries, or conditions limit your ability to work,?" Plaintiff responded, "legs give out if stands very long, <u>can't sit very long because of pain</u>." (R. 142) (emphasis added). Therefore, the Commissioner's contention that "Plaintiff's complaint of limitation in her ability to sit was inconsistent with her responses to a physical activities questionnaire" is erroneous. Doc. 11 at 8.

Second, Plaintiff completed a physical activities form during her evaluation with Dr. Lary, where she indicated her problems sitting. In response to the question, "Do you have any difficulty performing any of the following activities? If so, what difficulty do you have? Sitting,?" Plaintiff responded, "For long periods of time." (R. 223). Finally, Dr. Lary included in his evaluation Plaintiff's "medical history as related to me orally by [Plaintiff], (which writing is included with this report), my review of the medical evidence of record as provided to me by the Disability Determination Service, and my own observation about and physical examination of [Plaintiff]." (R. 215). Based on this evidence – which includes a substantial portion of the record before the ALJ, Appeals Council, and

this court– Dr. Lary concluded that Plaintiff's "ability to sit, stand, walk, lift, carry, bend, and squat is significantly impaired by left knee arthritis and [medial] and lateral meniscus injury." (R. 220) (emphasis added). Significantly, Dr. Lary's opinion is consistent with Dr. Allen Goodson's interpretation of Plaintiff's MRI that Plaintiff has "advanced degenerative changes in her knee with some osteophytes." (R. 166). Therefore, the Appeals Council's finding that there is no support in the record for limitations on Plaintiff's ability to sit is not supported by substantial evidence.

The Commissioner contends also that Plaintiff's contention that she cannot sit for long periods of time is belied by the Appeals Council's "explicit and adequate rationale for discrediting Plaintiff's complaint regarding her ability to sit" because she "shops in stores by using a power cart," and "only goes out to places where she can sit down." Doc. 11 at 8. This contention is also unpersuasive. First, the Appeals Council did not articulate either reason as a rationale for discrediting Plaintiff's complaints of pain. *See* R. 5. Second, that Plaintiff uses a shopping cart in stores, and only goes places that have seating, does not negate that she has difficulty sitting for long periods of time, especially in light of her testimony that she cannot stand for long periods of time and falls frequently. (R. 31, 142, 216, 223).

In sum, the ALJ and Appeals Council failed to properly discredit Plaintiff's pain testimony and the ALJ's opinion that Plaintiff's complaints of pain "are not credible to the extent they are inconsistent with the above [RFC] assessment," (R. 17), is not substantially supported by the medical evidence. Accordingly, as a matter of law, Plaintiff's pain testimony is accepted as true, and she is disabled within the meaning of the SSA and entitled to the benefits for which she applied. *Hale v. Bowen*, 831 F.2d at 1012.

## VI. Conclusion

Based on the foregoing, the court concludes that the ALJ's determination that Plaintiff is not disabled is not supported by substantial evidence, and that the ALJ failed to apply the proper legal standards in reaching this determination. The Commissioner's final decision is, therefore, due to be **REVERSED** and **REMANDED.** A separate order in accordance with the memorandum opinion will be entered.

Done the 30th day of November, 2011.

                                          **ABDUL K. KALLON**
                                      UNITED STATES DISTRICT JUDGE